[613 NYS2d 922]

In the Matter of CARL M. FIELD (Admitted as CARL MORRIS FIELD), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 27, 1994

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Dianne M. Saccone* of counsel), for petitioner.

*Field, Lomenzo, Turret & Blumberg,* New York City *(David A. Field* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with three allegations of professional misconduct. The Special Referee sustained all three charges after a joint hearing with the respondent's former partner, Edward G. Stahl. The petitioner moves to confirm the report of the Special Referee. The respondent has neither cross-moved nor asserted any position with regard to the motion to confirm.

Charge One alleged that the respondent converted and misappropriated client escrow funds for purposes other than that for which they were intended and acknowledged such conduct under oath. At his deposition on October 15, 1991, the respondent conceded that he had been "taking from Peter to pay Paul". The respondent admitted that he had used an $82,000 settlement, which should have been held in escrow, to pay other clients their money.

The complainant Central Life Assurance Company stated that the respondent acknowledged the collection of certain payments from its debtors, totalling at least $500. The respondent failed to forward the payments or to provide a satisfactory explanation as to their disposition.

The respondent misappropriated funds totalling approximately $6,600 on behalf of his client Crown Battery Manufacturing Company. By letter dated January 24, 1992, the respondent referred this complainant to the Grievance Committee and indicated that the Grievance Committee had been handling the investigation into thefts by his former partner, Edward G. Stahl, of between $500,000 and $1,000,000.

The respondent misappropriated funds totalling not less than $300 which should have been remitted to A.J. Pools, Inc. By letter dated February 12, 1992, the respondent expressed his belief that remittances with respect to the two accounts

collected by his firm had been sent to the client by Stahl. When the respondent discovered the misappropriations, he unsuccessfully attempted to make payments on the two accounts.

A number of sums representing payments towards outstanding student loans, totalling not less than $30,000, which were collected by the respondent at the direction of Payco General American Credits, Inc., were never remitted. By letter dated January 7, 1992, the respondent asserted that if any payments were not made, it was because Stahl was using escrow funds for his own use, rather than remitting them to clients.

Charge Two alleged that the respondent knowingly aided and countenanced the practice of law by a disbarred attorney in violation of Judiciary Law § 90. The respondent employed Stahl from 1987 to 1991. Stahl was disbarred on November 26, 1979, and reinstated to the practice of law on January 31, 1989.

It was the respondent's practice to endorse attorney escrow and attorney business checks in blank and entrust them to Stahl during the time of the latter's disbarment. During the period 1987 to 1989, the respondent permitted Stahl, a disbarred attorney, to engage in numerous daily activities which he knew or should have known constituted practicing law, including making determinations to initiate actions at law and settle collection claims and actions.

Charge Three alleged that, during the period from 1987 until 1989, the respondent engaged in the fraudulent practice of issuing paychecks of Field, Field & Field to Stahl's wife Laurel Stahl, whom he knew was not a regular employee of the firm. This was done to conceal the identity of the true intended payee, Stahl, who was a disbarred attorney at the time in question. The respondent identified at least $70,000 worth of checks drawn on the firm's business account made payable to Stahl's wife.

After reviewing all of the evidence adduced, we find that the Special Referee properly sustained Charges One, Two, and Three. The respondent admittedly paid injured clients with escrow moneys which had been subsequently received for other clients. The credible evidence establishes that the respondent employed the corespondent in his law office in a manner which plainly constituted the practice of law. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have taken into consideration the respondent's prior disciplinary history, his failure to account for the proper management of his firm's escrow account, his admissions of misconduct, and his delay in taking appropriate action upon discovering his misplaced faith in Stahl. Under the circumstances, the respondent is disbarred.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Carl M. Field, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Carl M. Field is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.